JERRY S. BUSBY
Nevada Bar #001107
ANDRE T. MARQUES
Nevada Bar #014737
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
amarques@cooperlevenson.con
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DEBBIE NOVOTNY

        Plaintiff,

vs.

SMITH'S FOOD AND DRUG CENTERS,
INC., and DOES I through X

        Defendants

Case No.:

### NOTICE OF REMOVAL

      Defendant, SMITH'S FOOD & DRUG CENTERS, INC. ("SMITH'S") hereby gives notice of  its removal of Case No. A-21-829503-C from the Eighth Judicial District Court, Clark County, Nevada, to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441(a) and 1446. As grounds for removal, SMITH'S states as follows:

### I.

### NOTICE OF REMOVAL IS TIMELY

      1.      On February 16, 2021, Plaintiff DEBBIE NOVOTNY, filed this lawsuit against SMITH'S. Pursuant to 28 U.S.C. §1446(a), a complete copy of the state court file, including the Complaint and process, is attached hereto as Exhibit "A".

      2.      SMITH'S was served with process on or about February 22, 2021.  SMITH'S hereby reserves any and all rights and defenses to Plaintiff's Complaint.

/ / /

3.     The Complaint filed and served on SMITH'S merely alleged "As a direct and proximate result of the aforesaid gross negligence and carelessness of defendant Smith's and Doe defendants, plaintiff Novotny was injured, and thereby experienced great pain and anxiety of body and mind, sustaining damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00)." (Compl. ¶19).

4.     Defense counsel learned that the value of this case was sufficient for Federal jurisdiction on June 23, 2021.  On that date, Plaintiff served Defense counsel with her Initial List of Witnesses and Documents in the pending State Court litigation.  A copy of said disclosure is attached hereto as Exhibit "B". Therein, Plaintiff alleges that her medical specials total $151,477.83. (Pl.'s Initial List at 2).

Upon receiving this information, Defense counsel learned that the "amount in controversy" exceeds the jurisdictional minimum for diversity jurisdiction.

5.     This Notice of Removal is timely filed under 28 U.S.C. §1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

6.     The following pleadings have been entered and/or filed in State Court:

a.     Plaintiff's Complaint filed February 16, 2021;

b.     Affidavit of Service of Summons and Complaint filed February 22, 2021;

c.     SMITH'S Answer to Plaintiff's Complaint filed March 15, 2021;

d.     Plaintiff's Request for Exemption from Arbitration filed March 29, 2021;

e.     SMITH'S Opposition to Exemption from Arbitration filed April 5, 2021;

f.     Plaintiff's Reply filed April 7, 2021;

g.     Commissioner's Decision on Request for Exemption filed April 14, 2021;

h.     Suggestion of Death filed July 21, 2021; and

i.     Amended and Corrected Suggestion of Death filed July 21, 2021.

CLAC 6479943.1

7.     Other than the pleadings discussed above, no further proceedings have taken place in District Court, Clark County, Nevada as of the filing of this notice of removal.

## II.

## DIVERSITY JURISDICTION EXISTS

8.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332.  This action may be removed pursuant to 28 U.S.C. §1441, because the amount in controversy exceeds $75,000, exclusive of interest and costs; the suit involves a controversy between citizens of different states; and none of the properly joined defendants is a citizen of Nevada.

### A.     The Amount in Controversy Requirement is Satisfied.

9.     Plaintiff's Complaint merely alleged  that "As a direct and proximate result of the aforesaid gross negligence and carelessness of defendant Smith's and Doe defendants, plaintiff Novotny was injured, and thereby experienced great pain and anxiety of body and mind, sustaining damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00)."  (Compl. ¶19).

10.     In addition to the above, Plaintiff's Initial List of Witnesses and Documents served on June 23, 2021 indicated that Plaintiff's total  medical specials claimed in this litigation are $151,477.83. (Pl.'s Initial List at 2).

### B.     The Parties Are Diverse.

11.     The diversity of citizenship requirement is satisfied. SMITH'S is informed and believes that Plaintiff was at the time of her Complaint a citizen and resident of the State of Nevada. (*See* Compl. ¶1) .

12.     SMITH'S was at the time of the filing of Plaintiff's Complaint and is now an Ohio Corporation with its principal place of business in the State of Utah.

## III.

## REMOVAL TO THIS JURISDICTION IS PROPER

13.     Pursuant to 28 U.S.C. §§1332, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

14.     Pursuant to 28 U.S.C. §1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending 28 U.S.C. §108.

CLAC 6479943.1

15.     SMITH'S reserves the right to amend or supplement this Notice of Removal.

16.     SMITH'S reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

17.     SMITH'S requests a trial by jury of all issues.

18.     Defense counsel is providing Plaintiff, by and through her counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). Further, Defense counsel is filing a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, Clark County, Nevada, where the action is currently pending.

Dated this 23rd day of July, 2021.

COOPER LEVENSON, P.A.


By    _/s/ Jerry S. Busby_____
       Jerry S. Busby
       Nevada Bar No. 001107
       Andre T. Marques
       Nevada Bar No. 014737
       3016 West Charleston Boulevard - #195
       Las Vegas, Nevada 89102
       Attorneys for Defendant
       SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 6479943.1

# EXHIBIT A

Electronically Filed
2/16/2021 3:52 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
MICHAEL F. BOHN, ESQ.
2  Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
3  ADAM R. TRIPPIEDI, ESQ.
Nevada Bar No.: 12294
4  atrippiedi@bohnlawfirm.com
LAW OFFICES OF
5  MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, Suite 480
6  Henderson, Nevada 89074
(702) 642-3113/ (702) 642-9766 FAX
7  Attorney for plaintiff

CASE NO: A-21-829503-C
Department 18

8                              DISTRICT  COURT

9                         CLARK COUNTY, NEVADA

10  DEBBIE NOVOTNY                          CASE NO.:
                                           DEPT NO.:
11

12                  Plaintiff,

13  vs.

14  SMITH'S FOOD AND DRUG CENTERS,
    INC., and DOES I through X
15
                   Defendants
16

17                          **COMPLAINT**

18          Plaintiff, Debbie Novotny, by and through her attorney, Michael F. Bohn, Esq. alleges as follows.

19          1.  Plaintiff Debbie Novotny is a resident of Clark County, Nevada.

20          2.  Smith's Food and Drug Centers, Inc. ("Smith's") is an Ohio corporation which is authorized

21  to conduct business in Clark County, Nevada.

22          3.  Upon information and belief, at all times relevant to this action Defendants I through X were

23  employees of defendant Smith's, were Nevada residents, were acting within the course and scope of their

24  employment, and were negligent by failing to implement and/or enforce safety rules and protocols, failing

25  to adequately train, maintain, and/or supervise employees and/or contractors, failing to warn of the hazard

26  described herein, in creating the hazard described herein, or in failing to rectify the hazard described

27  herein after having actual or constructive notice of the same.

28                                    1

4.    That the true names or capacities of defendants I through X inclusive, are unknown to Plaintiff, who, therefore sues said defendants by such fictitious names, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of any and/or all defendants named herein; and/or are entities responsible for the supervision of the individual, names defendants at the time of the events and circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Plaintiff is informed and, on that basis believes and thereon allege, that each of the Defendants designated as a DOE in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein alleged. Plaintiff will seek leave of court to amend this complaint to insert the true names of such defendant s when the same have been ascertained.

5.    On February 21, 2019, plaintiff Debbie Novotny attempted to enter the Smith's location at 1000 North Green Valley Parkway, Henderson, Nevada.

6.    There had been light rain at some point during the evening before Debbie Novotny attempted to enter the store.

7.    The sidewalk entrance to the Smith's was old, had sustained settlement cracks, was uneven and was slick from the rain.  The roof to the Smith's extended out from the doors to the entrance which allowed rain to accumulate outside of the entrance on the uneven surface of the entrance to the store.

8.    As a result of the cracks in the walkway, and/or the uneven surface, and/or the slick surface from the rain from the portion of the entrance which was not protected by the rain, outside the entrance to the store, Debbie Novotny slipped and sustained injuries to her left leg and which resulted in a fractured fibula and tibia, as well as several other injuries.

9.    The defendants owed a duty of care to plaintiff Novotny and the general public, customers and invitees, to keep its premises free from dangerous conditions, to warn customers of dangerous conditions and to rectify dangerous conditions.

10.    Defendants caused, knew of, should have known of, and/or had a non-delegable duty to prevent and protect against the dangerous condition on the premises.

2

11.     Further, Defendants failed to adequately train their managers, employees, contractors, and staff to keep its premises free from dangerous conditions, to warn customers of dangerous conditions, to rectify dangerous conditions, and/or maintain and inspect the premises in order to prevent dangerous conditions.

12.     Further, defendants are vicariously liable for the negligent actions or omissions of any agent or employee that caused the Plaintiff Novotny's injuries.

13.     Further, defendants failed to have in place adequate inspection and maintenance procedures, or if it had adequate policies, failed to follow those policies, and it was reasonably foreseeable that hazards could come develop as a result of the inadequate policies or failure to follow said policies.

14.     The dangerous condition described herein caused plaintiff Novotny to suffer personal bodily injury.

15 .    Smith's and doe defendants  breached a duty of care owed to the plaintiff by allowing the outside sidewalk to become cracked, uneven to only be partially protected from rainfall, and by failing to place protective covering on the dangerous surface during and after rainfall.

16.     Smith's and Doe defendants  had reason to know facts which could lead a reasonable person to realize that the outside sidewalk was cracked, uneven, only partially protected from rainfall, and susceptible to puddling  water and that such a condition created an unreasonable risk of bodily harm to others and involved a high probability that substantial harm would result.

17.     Smith's and Doe defendants actions constitute an extreme departure from the ordinary duty of care owed to everyone in our community and constitutes gross negligence.

18.     Smith's and Doe defendants actions constitute a conscious disregard for the rights of the plaintiff Novotny, arising to the level of malice or oppression.

19.     As a direct and proximate result of the aforesaid gross negligence and carelessness of defendant Smith's and Doe defendants, plaintiff Novotny was injured, and thereby experienced great pain and anxiety of body and mind, sustaining damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

WHEREFORE Plaintiff Prays as Follows:

3

1        1.      For compensatory damages in an amount in excess of Fifteen Thousand Dollars

2 ($15,000.00).

3        2.      For an award of court costs and attorney's fees; and other incidental costs to the preparation

4 and prosecution of the instant lawsuit.

5        3.      Other and further relief as the Court deems proper in the premises.

6      DATED this 16th day of February 2021.

7                                        LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.

By:  / s / Michael F. Bohn, Esq. /
          Michael F. Bohn, Esq.
          2260 Corporate Circle, Suite 480
          Henderson, Nevada 89074
          Attorney for plaintiff

4

**AOS**

Electronically Filed
2/22/2021 10:15 AM
Steven D. Grierson
CLERK OF THE COURT

# DISTRICT COURT , CLARK COUNTY
## CLARK COUNTY, NEVADA

**DEBBIE NOVOTNY**

**Plaintiff**

**vs**

**SMITH'S FOOD AND DRUG CENTERS INC.,** **Defendant**
**AND DOES I THROUGH X**

CASE NO: **A-21-829503-C**

HEARING DATE/TIME:

DEPT NO: **18**

## AFFIDAVIT OF SERVICE

   MICHELLE HARRIS being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceedings in which this affidavit is made. That affiant received 1 copy(ies) of the SUMMONS, COMPLAINT, on the 17th day of February, 2021 and served the same on the 22nd day of February, 2021, at 09:50 by:

serving the servee SMITH'S FOOD AND DRUG CENTERS INC., C/O REGISTERED AGENT, CORPORATION SERVICE COMPANY by personally delivering and leaving a copy at (address) 112 NORTH CURRY STREET, CARSON CITY NEVADA 89703 with KRIS OSBORNE, AUTHORIZED TO ACCEPT pursuant to NRS 14,020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

**Pursuant to NRS 53.045**

I declare under penalty of perjury under the law of the

State of Nevada that the foregoing is true and correct.

EXECUTED this___**22**__day of___**Feb**___,    **2021**.

_michelle Harris_

_____
**MICHELLE HARRIS**
**2019-09792**

Junes Legal Service, Inc. - 630 South 10th Street - Suite B - Las Vegas NV 89101 - 702.579.6300 - fax 702.259.6249 - Process License #1068

EP167559 NOVOTNY

Copyright © 2018 Junes Legal Service, Inc. and Outside The Box

Electronically Filed
3/15/2021 10:42 AM
Steven D. Grierson
CLERK OF THE COURT

**ANSC**
JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DEBBIE NOVOTNY | CASE NO.:   A-21-829503-C |
| Plaintiff, | DEPT. NO.:   XVIII |
| vs. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., and DOES I through X | **DEFENDANT SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants | |

COMES NOW, Defendant, SMITH'S FOOD & DRUG CENTERS, INC., improperly designated as SMITH'S FOOD AND DRUG CENTERS, INC., by and through its attorney of record, JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A., and hereby answers Plaintiff's Complaint on file herein as follows:

**I.**

This answering Defendant states that it does not have sufficient knowledge or information upon which to base a belief as to the truth of the allegations contained in Paragraphs 1, 3, 4, 5, 6, 7 and 8 of Plaintiff's Complaint and upon said ground, denies each and every allegation contained therein.

**II.**

In response to Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits that it is an Ohio corporation which is authorized to conduct business in Clark County, Nevada.  This answering Defendant denies any remaining allegations contained in said Paragraph.

/ / /

/ / /

CLAC 6234046.1

### III.

Paragraph 9 of Plaintiff's Complaint states a legal conclusion which is the sole province of the Court to determine.  This answering Defendant therefore denies said Paragraph.

### IV.

This answering Defendant denies each and every allegation contained in Paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff did not use reasonable diligence to care for her injuries, thereby aggravating said injuries as a result.  Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution, or prudence for the protection of her own safety, and injuries and damages complained of by Plaintiff in the Complaint, if any, were directly and proximately caused or contributed to by the fault, failure to act, carelessness, and negligence of Plaintiff, and therefore Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to said negligence of Plaintiff.

WHEREFORE, this answering Defendant prays that Plaintiff take nothing by virtue of her Complaint on file herein; for costs and disbursements incurred in this action; and for such other and further relief as to the Court may deem proper.

Dated this 15th day of March, 2021.

COOPER LEVENSON, P.A.


By    /s/ Jerry S. Busby
Jerry S. Busby
Nevada Bar No. 001107
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 6234046.1

1

2

<b><u>CERTIFICATE OF SERVICE</u></b>

3          Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and

4 that on this 15th day of March, 2021, I did cause a true copy of the foregoing **DEFENDANT**

5 **SMITH'S FOOD & DRUG CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

6 to be served upon each of the parties listed below via electronic service through the Eighth Judicial

7 District Court's Odyssey E-File and Serve System:

8          Michael F. Bohn, Esq.
          LAW OFFICES OF
9             MICHAEL F. BOHN, ESQ., LTD.
          2260 Corporate Circle – Suite 480
10         Henderson, NV  89074
          Attorneys for Plaintiff
11

12                          By   /s/ Theresa H. Rutkowski
                                 An Employee of
13                               COOPER LEVENSON, P.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Filed
3/29/2021 3:56 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
ADAM R. TRIPPIEDI, ESQ.
Nevada Bar No.: 12294
atrippiedi@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, Suite 480
Henderson, Nevada 89074
(702) 642-3113/ (702) 642-9766 FAX
Attorney for plaintiff

DISTRICT  COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DEBBIE NOVOTNY | CASE NO.: A-21-829503-C |
| | DEPT NO.: 18 |
| Plaintiff, | |
| vs. | |
| SMITH'S FOOD AND DRUG CENTERS, INC., and DOES I through X | |
| Defendants | |

## REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff, Debbie Novotny, by and through her attorney, Michael F. Bohn, Esq., hereby requests the above entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case involves an amount in issue in excess of $50,000.00.

A summary of the specific facts which supports my contention for exemption is as follows:

Plaintiff Debbie Novotny fell and suffered personal injuries.  Her medical bills are in excess of $50,000.00.   She is seeking recovery of the cost of her medical treatment, and she is also seeking monetary recovery for pain and suffering.  Thus, the amount in controversy exceeds $50,000.00.

I hereby certify pursuant to NRCP 11 this case to be within the exemption cited above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

1

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

DATED this 29th day of March 2021.

LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.

By: / s / Michael F. Bohn, Esq. /
Michael F. Bohn, Esq.
2260 Corporate Circle, Suite 480
Henderson, Nevada 89074
Attorney for plaintiff

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5, NEFCR 9 and EDCR 8.05, I hereby certify that I am an employee of Law Offices of Michael F. Bohn., Esq.., and on the 29th day of March, 2021, an electronic copy of the REQUEST FOR EXEMPTION FROM ARBITRATION was served via the Court's electronic service system, addressed as follows:

Jerry S. Busby
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102

/s/ /Maggie Lopez/
An Employee of the LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.

2

Electronically Filed
4/5/2021 2:45 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ABOPRE**
   JERRY S. BUSBY
2  Nevada Bar #001107
   ANDRE T. MARQUES
3  Nevada Bar #014737
   COOPER LEVENSON, P.A.
4  3016 West Charleston Boulevard - #195
   Las Vegas, Nevada  89102
5  (702) 366-1125
   FAX:  (702) 366-1857
6  jbusby@cooperlevenson.com
   amarques@cooperlevenson.con
7  Attorneys for Defendant
   SMITH'S FOOD & DRUG CENTERS, INC.
8

9                          DISTRICT COURT

10                     CLARK COUNTY, NEVADA

11  DEBBIE NOVOTNY                    CASE NO.:   A-21-829503-C
                                      DEPT. NO.:   XVIII
12             Plaintiff,

13  vs.

14  SMITH'S FOOD AND DRUG CENTERS,    **DEFENDANT'S OPPOSITION TO**
    INC., and DOES I through X        **PLAINTIFF'S REQUEST FOR**
15                                    **EXEMPTION FROM ARBITRATION**
               Defendants
16

17        COMES NOW Defendant SMITH'S FOOD & DRUG CENTERS, INC., ("SMITH'S"), by

18  and through its counsel of record JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON,

19  P.A. and hereby submits the following as its Opposition to Plaintiff's Request for Exemption from

20  Arbitration ("Request").

21                                **I.**

22                          **BACKGROUND**

23        This action stems from an incident that allegedly occurred on February 21, 2019, at the

24  SMITH'S grocery store located at 1000 North Green Valley Parkway, Henderson, Nevada. Based

25  upon the lack of evidence and information  available at this time, SMITH'S contends that the likely

26  value of this case is below $50,000.

27        Plaintiff's Request should be denied on substantive and procedural grounds. Namely,

28  Plaintiff fails to include a summary of facts, including a computation of damages, sufficient to

satisfy the requirement necessary for removal. The Court should deny the Request because the value of this case does not exceed the arbitration cap.

Plaintiff's Request vaguely mentions that Plaintiff "fell and suffered personal injuries."[1] Significantly, Plaintiff's Request fails to include any description of her alleged injuries, any treatment she received as a result of her alleged injuries, any recommendation for future treatment or surgeries. Instead, Plaintiff only claims her "medical bills are in excess of $50,000."[2] Thus, Plaintiff's indication that "the amount in controversy exceeds $50,000.00"[3] is insufficient to support a finding that this case has a value in excess of the $50,000 arbitration cap.

In short, the evidence, or lack thereof, at this time indicates that Plaintiff cannot satisfy her burden that her case has a value that exceeds $50,000 and her request for exemption must be denied.

## II.

## LEGAL ARGUMENT

NAR Rule 3(A) provides that all civil cases brought in jurisdictions that come under the purview of the program are subject to it if the case has "a probable jury award value not in excess of $50,000 per plaintiff, exclusive of interest and cost…"  Plaintiff has the burden of establishing that her case has a probable jury award value in excess of the arbitration cap of $50,000.

Further, pursuant to Nevada Arbitration Rule 5(A), a Request for Exemption *must* include a summary of facts on which to base a decision. (emphasis added). Requests should contain the nature of the case, amount of damages sought; in personal injury cases, a specific description of the injuries sustained, type of treatment rendered, future treatment recommended, prognosis, and the ***total amount of medical specials incurred to date should also be included***. *Id*. (emphasis added).

In this case, Plaintiff failed to provide any summary of facts giving rise to this litigation, failed to include the amount of damages sought, a specific description of the injuries sustained, or any description of the treatment rendered. In addition, Plaintiff's Request also fails to mention any

---

[1] *See* Pl.'s Req. at 1:22.

[2] *Id*. at 1:22-23.

[3] *Id*. at 1:24.

recommendation for a future surgery, nor does Plaintiff provide any supporting documentation relating to the need for future treatment. Critically, Plaintiff's Request significantly omits any computation of medical specials incurred to date.

Accordingly, Plaintiff's Request must be denied as Plaintiff cannot present evidence indicating that this case has a value in excess of the arbitration cap of $50,000.00.

**III.**

**CONCLUSION**

Plaintiff has failed to demonstrate that the value of her case is greater than the mandatory arbitration cap of $50,000.  Thus, SMITH'S respectfully requests that Plaintiff's Request for Exemption from Arbitration be denied.

Dated this 5th day of  April, 2021.

COOPER LEVENSON, P.A.


By   /s/ Jerry S. Busby
Jerry S. Busby
Nevada Bar No. 001107
Andre T. Marques
Nevada Bar No. 014737
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

CLAC 6281943.1

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to NRCP 5(b), I certify that I am an employee of COOPER LEVENSON, P.A. and that on this 5th day of April, 2021, I did cause a true copy of the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** to be served upon each of the parties listed below via electronic service through the Eighth Judicial District Court's Odyssey E-File and Serve System:

Michael F. Bohn, Esq.
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle – Suite 480
Henderson, NV  89074
Attorneys for Plaintiff

By   /s/ Theresa H. Rutkowski
     An Employee of
     COOPER LEVENSON, P.A.

CLAC 6281943.1

Electronically Filed
4/7/2021 2:11 PM
Steven D. Grierson
CLERK OF THE COURT

**RPLY**
MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
ADAM R. TRIPPIEDI, ESQ.
Nevada Bar No.: 12294
atrippiedi@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, Suite 480
Henderson, Nevada 89074
(702) 642-3113/ (702) 642-9766 FAX
Attorney for plaintiff

DISTRICT  COURT

CLARK COUNTY, NEVADA

DEBBIE NOVOTNY

Plaintiff,

vs.

SMITH'S FOOD AND DRUG CENTERS,
INC., and DOES I through X

Defendants

CASE NO.: A-21-829503-C
DEPT NO.: 18

## REPLY TO OPPOSITION TO REQUEST FOR EXEMPTION FROM ARBITRATION

Plaintiff, Debbie Novotny, by and through her attorney, Michael F. Bohn, Esq., replies to the opposition to the petition for request for exemption as follows.

This case was filed seeking compensation for personal injuries sustained as a result of a slip and fall accident at Smith Food and Drug located at 1000 North Green Valley Parkway, Henderson, Nevada which occurred on February 21, 2019.

Counsel for the plaintiff was retained just a few days prior to the statute of limitations expiring. As a result, the plaintiffs medical records and billing were not obtained prior to the time the complaint was filed.

Initial records have been received from the hospital, but no billings have been obtained from any of the plaintiffs medical providers.

1

1    Attached as Exhibit 1 is one page of the records from St. Rose Dominican Hospital in Henderson

2    dated February 24, 2019, which indicates "Comminuted fractures in the proximal tibia and fibula as

3    described.  Hemarthrosis."   The same document indicates surgery was scheduled for March 5.

4    Although the medical billings have not been received, this is a substantial injury requiring surgery

5    and an extensive period of rehabilitation.  It is reasonably  anticipated that the medical bills alone will

6    far exceed the sum of $50,000.00.

7    For this reason, the request for exemption from arbitration should be granted.

8    DATED this 7th  day of April 2021.

9                                                  LAW OFFICES OF
                                                   MICHAEL F. BOHN, ESQ., LTD.
10

11
                                                   By:   / s / Michael F. Bohn, Esq. /
12                                                        Michael F. Bohn, Esq.
                                                          2260 Corporate Circle, Suite 480
13                                                        Henderson, Nevada 89074
                                                          Attorney for plaintiff
14

15

16

17

18                          **CERTIFICATE OF SERVICE**

19    Pursuant to NRCP 5, NEFCR 9 and EDCR 8.05, I hereby certify that I am an employee of Law

20    Offices of Michael F. Bohn., Esq.., and on the 7th  day of April, 2021, an electronic copy of the

21    RESPONSE TO OPPOSITION TO REQUEST FOR EXEMPTION FROM ARBITRATION was served

22    via the Court's electronic service system, addressed as follows:

23    Jerry S. Busby
      COOPER LEVENSON, P.A.
24    3016 West Charleston Boulevard - #195
      Las Vegas, NV 89102
25

26                                                 /s/ /Maggie Lopez/
                                                   An Employee of the LAW OFFICES OF
27                                                 MICHAEL F. BOHN, ESQ., LTD.

28                                                 2

Electronically Filed
4/14/2021 4:47 PM
Steven D. Grierson
CLERK OF THE COURT

**CDRG**

# DISTRICT COURT

# CLARK COUNTY, NEVADA

Debbie Novotny, Plaintiff(s)

vs.

Smith's Food and Drug Centers, Inc.,

Defendant(s)

CASE NO: A-21-829503-C
DEPT. NO: XVIII

## COMMISSIONER'S  DECISION ON REQUEST FOR EXEMPTION

REQUEST FOR EXEMPTION FILED ON: <u>March 29, 2021</u>

EXEMPTION FILED BY: <u>Plaintiffs</u>          OPPOSITION: <u>Yes</u>

## DECISION

      Having reviewed the Request for Exemption, and all related pleadings, the Request for Exemption is hereby GRANTED.

      DATED this <u>14th</u> of <u>April</u>, 2021.

_____
ADR COMMISSIONER

**ADR
COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

1

1

## <u>NOTICE</u>

2    Pursuant to Nevada Arbitration Rule 5(D), you are hereby notified you have five (5) days
from the date you are served with this document within which to file written objections
3    with the Clerk of Court and serve all parties.  The Commissioner's Decision is deemed
served three (3) days after the Commissioner's designee deposits a copy of the Decision in
4    the U.S. Mail. **Pursuant to NEFCR Rule 9(f)(2) an additional 3 days is not added to the**
**time if served electronically (via e-service).**

5

6            **A copy of the foregoing Commissioner's Decision on Request for Exemption was**
**electronically served, pursuant to N.E.F.C.R. Rule 9, to all registered parties in the**
7            **Eighth Judicial District Court Electronic Filing Program on the date of e-filing.**

8            *If indicated below*, a copy of the foregoing Commissioner's Decision on Request for
Exemption was also:
9

10            ☐  Placed in the folder of counsel maintained in the Office of the Clerk of Court on
_____, 2021.
11

12            ☐  Mailed by United States Postal Service, Postage prepaid, to the proper parties listed
below at their last known address(es) on _____, 2021.
13

14

15

16                        /s/    Loretta Walker _____
                               ADR COMMISSIONER'S DESIGNEE
17

18

19

20

21

22

23

24

25

26

27                                    2

**ADR**
**COMMISSIONER**
EIGHTH JUDICIAL
DISTRICT COURT

Electronically Filed
7/21/2021 2:24 PM
Steven D. Grierson
CLERK OF THE COURT

1 **SUGG**
MICHAEL F. BOHN, ESQ.
2 Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
3 NIKOLL NIKCI, ESQ.
Nevada Bar No.:10699
4 nnikci@bohnlawfirm.com
LAW OFFICES OF
5 MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, Suite 480
6 Henderson, Nevada  89074
(702) 642-3113/ (702) 642-9766 FAX
7 Attorney for defendants

8                                    DISTRICT COURT

9                               CLARK COUNTY, NEVADA

10 ROBERTO MENDEZ-HERNANDEZ, an
individual; ANGELICA RIVERA MARTINEZ,
11 an individual,
                                                              CASE NO.:   A-19-807490-C
12                        Plaintiffs,                          DEPT NO.:   XXI

13 vs.

14 OCTAVIO ESCOTO-PEREZ, an individual;             **SUGGESTION OF DEATH**
UNITED INVESTMENTS OF NEVADA, INC.
15 d/b/a UNITED REALTY GROUP, a domestic
corporation; TONY M BOND and DONNA L
16 BONAKDAR, as Trustees of the TONY M
BOND and DONNA L BONAKDAR
17 REVOCABLE TRUST; DOES I-X, inclusive;
and ROE CORPORATIONS I-X, inclusive,
18
19                        Defendants.

20          COME NOW defendants Octavio Escoto-Perez, United Investments of Nevada, Inc. d/b/a United

21 Realty Group, Donna L. Bonakdar, as Trustee of the Tony M. Bond and Donna L. Bonakdar Revocable

22 / / /

23 / / /

24 / / /

25

26

27

28                                               1

1  Trust, by and through their counsel of record, LAW OFFICES OF MICHAEL F. BOHN, ESQ, and

2  suggests upon the record, pursuant to NRCP 25(a)(2), the death of Tony Bond during the pendency of this

3  action.

4       DATED this 1st day of March, 2021.

5                                              LAW OFFICES OF
                                               MICHAEL F. BOHN, ESQ., LTD.
6

7
                                        By: /s/ Nikoll Nikci, Esq.
8                                            Michael F. Bohn, Esq.
                                             Nikoll Nikci, Esq.
9                                            2260 Corporate Cir, Suite 480
                                             Henderson, Nevada 89074
10                                           Attorney for defendants

11

12                        **CERTIFICATE OF SERVICE**

13       Pursuant to NRCP 5, NEFCR 9 and EDCR 8.05, I hereby certify that I am an employee of Law

14  Offices of Michael F. Bohn., Esq., and on the 1st day of March, 2021, an electronic copy of

15  **SUGGESTION OF DEATH** was served on opposing counsel via the Court's electronic service system

16  to the following counsel of record:

17  Jared B. Jennings, Esq.
    Adam R. Fulton, Esq.
18  Logan G. Willson, Esq.
    JENNINGS & FULTON, LTD.
19  2580 Sorrel Street
    Las Vegas, NV 89146
20  *Attorneys for Plaintiffs Roberto*
    *Mendez-Hernandez & Angelica Rivera Martinez*
21

22
                                          /s/ /Nikoll Nikci, Esq.
23                                        An employee of Law Offices of
                                          Michael F. Bohn, Esq., Ltd.
24

25

26

27

28                                        2

Electronically Filed
7/21/2021 2:38 PM
Steven D. Grierson
CLERK OF THE COURT

**SUGG**
MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, Suite 480
Henderson, Nevada 89074
(702) 642-3113/ (702) 642-9766 FAX

Attorney for plaintiff

DISTRICT  COURT

CLARK COUNTY, NEVADA

DEBBIE NOVOTNY

           Plaintiff,

vs.

SMITH'S FOOD AND DRUG CENTERS,
INC., and DOES I through X

           Defendants

CASE NO.: A-21-829503-C
DEPT NO.: 18

<u>**AMENDED AND CORRECTED SUGGESTION OF DEATH**</u>

      Please take notice that Michael F Bohn, Esq. the attorney for plaintiff, Debbie Novotny, suggests upon the record, pursuant to NRCP 25(a)(2) the death of Debbie Novotny, plaintiff herein, during the pendency of this action.

      DATED this 21st  day of July 2021.

                        LAW OFFICES OF
                        MICHAEL F. BOHN, ESQ., LTD.


                        By:  / s / Michael F. Bohn, Esq. /
                           Michael F. Bohn, Esq.
                           2260 Corporate Circle, Suite 480
                           Henderson, Nevada 89074
                           Attorney for plaintiff

1

1

## CERTIFICATE OF SERVICE

2          Pursuant to NRCP 5, NEFCR 9 and EDCR 8.05, I hereby certify that I am an employee of Law

3   Offices of Michael F. Bohn, Esq., and on the 21st day of July, 2021, an electronic copy of the

4   SUGGESTION OF DEATH UPON THE RECORD  was served via the Court's electronic service

5   system, addressed as follows:

6   Jerry S. Busby
    COOPER LEVENSON, P.A.
7   3016 West Charleston Boulevard - #195
    Las Vegas, NV 89102

8

9                                              /s/ /Maggie Lopez/
                                               An Employee of the LAW OFFICES OF
10                                             MICHAEL F. BOHN, ESQ., LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                               2

# EXHIBIT 1

# EXHIBIT 1



**St Rose Dominican Hospital-Siena Campus**
3001 St Rose Parkway
Henderson, NV. 89052
Facility Phone #:    702-616-5000

Name: **NOVOTNY, DEBBIE L**
MRN:   00905713
Acct #: 65887457
Pt loc:  SRS ORTH; 3333; P

Admit Date:  2/21/2019
Disch Date:  2/24/2019
Physician:    Rahman,Syed F,MD
PCP:            Reddy,Gautham G MD

| *Progress Notes* |
|---|

Hemarthrosis.

On the limited CT images anterior and posterior cruciate ligaments are grossly intact. Quadriceps tendon on and patellar tendon are not grossly intact.

IMPRESSION:
Comminuted fractures in the proximal tibia and fibula as described. Hemarthrosis.


Report generated on workstation: SRSDDIM035 02/21/19 07:42
+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

**Assessment/Plan**
Closed left fibula fracture S82.409A
Closed left tibial fracture S82.209A
    Will require ORIF
    Questions answered regarding timing of surgery
    She should see me back in the office on Wednesday or Friday of the upcoming week
    Tentative plan for surgery on Tuesday, 5 March
    Nonweightbearing
    Elevation and ice for swelling
    Knee immobilizer and last lying supine
Fall 972DCDB6-6058-47E5-9321-44B9DBFE0EC6
Fall from slipping on ice W00.9XXA
Tibial plateau fracture, left S82.142A
    Will require ORIF
    Questions answered regarding timing of surgery
    She should see me back in the office on Wednesday or Friday of the upcoming week
    Tentative plan for surgery on Tuesday, 5 March
    Nonweightbearing
    Elevation and ice for swelling
    Knee immobilizer and last lying supine


*Electronically Signed By:*
*Pinegar, Caleb O DO ATC*
*On 02/24/19 15:34*
*Co Signature By:*
*Modified Signature By:*

# EXHIBIT B

MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
2260 Corporate Circle, Suite 480
Henderson, Nevada 89074
(702) 642-3113/ (702) 642-9766 FAX
Attorney for plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| DEBBIE NOVOTNY<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., and DOES I through X<br><br>Defendants | CASE NO.: A-21-829503-C<br>DEPT NO.: 18 |

**PLAINTIFF'S 16.1 INITIAL LIST OF WITNESSES AND DOCUMENTS**

Plaintiff Debbie Novotny, by and through her attorneys, Law Office of Michael F. Bohn, Esq., submits the following list of witnesses and documents pursuant to NRCP 16.1:

**WITNESSES**

1.     Debbie Novotny, plaintiff
       c/o Michael F. Bohn, Esq.
       LAW OFFICES OF
       MICHAEL F. BOHN, ESQ., LTD.
       2260 Corporate Circle, Suite 480
       Henderson, Nevada 89074

Plaintiff is expected to testify as to the facts surrounding the allegations contained in the Complaint and Answer on file herein.

/ / /

1

**DOCUMENTS**

1.     Henderson Fire Department Records and Invoice in the amount of $1,180.83,

        bates stamps Novotny000001 - 000006;

2.     St. Rose Dominican Siena Hospital Records and Invoice in the amount of $142,721.00,

        bates stamps Novotny000007 - 000991;

3.     Bone & Joint Institute, Records and Invoice in the amount of $4,576.00,

        bates stamps Novotny000992 - 001036.

**DAMAGES**

The total medical specials of Debbie Novotny are summarized as follows:

| | |
|---|---:|
| Henderson Fire Department | $1,180.83 |
| St. Rose Dominican Siena Hospital | $142,721.00 |
| Bone and Joint Institute | $7,576.00 |

**TOTAL MEDICAL SPECIALS**                      **$151,477.83**

Plaintiff reserves the right to supplement this list of documents with documents which may become known through the discovery process and documents necessary for rebuttal and/or impeachment.

The Plaintiff also reserves the right to supplement the list of witnesses with those who become known and available.  All of the Defendant's listed witnesses and documents are incorporated herein.

DATED this 23rd  day of  June, 2021.

                             LAW OFFICES OF
                             MICHAEL F. BOHN, ESQ., LTD.

                             By:  / s / *Michael F. Bohn, Esq.* /
                                  Michael F. Bohn, Esq.
                                  2260 Corporate Circle, Suite 480
                                  Henderson, NV 89074
                                  Attorney for plaintiff

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5, NEFCR 9 and EDCR 8.05, I hereby certify that I am an employee of Law Offices of Michael F. Bohn., Esq., and on the 23rd day of June, 2021, an electronic copy of the PLAINTIFF'S 16.1 INITIAL LIST OF WITNESSES AND DOCUMENTS was served on opposing counsel via the Court's electronic service system to the following counsel of record:

Jerry S. Busby, Esq.
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102

_/s/ /Maggie Lopez/_
an Employee of the LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.

3